UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

HECTOR HERNANDEZ,

    Plaintiff,

vs.

UNITED GLASS SYSTEMS CORP.,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff, HECTOR HERNANDEZ, by and through his undersigned counsel, and sues the Defendant, UNITED GLASS SYSTEMS CORP., and alleges as follows:

## INTRODUCTION

1. This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by the Family and Medical Leave Act, 29 U.S.C. 2601-2654 ("FMLA"), as temporarily modified pursuant to the Families First Coronavirus Response Act ("FFCRA"), Public Law 116-127.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over their controversy based upon the FMLA and FFCRA, and venue is proper as all acts described herein occurred within this judicial district.

## PARTIES

3. At all times material hereto, the Plaintiff was/is a citizen of the United States, sui juris, and an employee of the Defendant.

4. At all times material hereto, the Plaintiff was an employee and member of a protected class within the meaning of the FMLA as temporarily modified by the FFCRA.

5. At all times material hereto, Defendant was a Florida Corporation doing business and services in this judicial district, was the former employer of the Plaintiff, and is an employer as defined by the FMLA as temporarily modified by the FFCRA.

## STATEMENT OF FACTS

6. The Plaintiff was an outstanding employee throughout the time that he was employed.

7. Notably, on April 2, 2020, after the outbreak of the COVID-19, employees were required to sign releases if they contact the virus, that they would not hold the Defendant liable.

8. On July 2, 2020, Plaintiff started to feel very ill with COVID-19 symptoms, and had to leave work.

9. On July 6, 2020, Plaintiff informed Defendant that he was taking a test for the virus, which ultimately turned out negative.

10. However, during the test, an x-ray was performed on Plaintiff's chest wherein he had pneumonia on his lungs.

11. Given this high risk, Plaintiff's doctor informed Plaintiff he should not return to work for the time being until July 15, 2020.

12. Plaintiff had texted the Defendant about returning to work, and on July 19, 2020, when Plaintiff arrived to work, he was informed that he was terminated.

## COUNT I

## FFCRA INTERFERENCE

13. The Plaintiff incorporates by reference paragraphs 1-12 herein.

14. At all times material to this lawsuit, the Plaintiff was entitled to benefits afforded under the FMLA as temporarily modified by the FFCRA.

15. The Defendant unlawfully interfered with the Plaintiff's exercise of his FFCRA rights by denying him benefits that he was afforded.

16. As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA as temporarily modified by the FFCRA.

17. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA as temporarily modified by the FFCRA.

WHEREFORE, the Plaintiff, HECTOR HERNANDEZ, requests that judgment be entered against the Defendant for all damages recoverable under the FMLA as temporarily modified by the FFCRA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT II

## FFCRA RETALIATION

18. The Plaintiff incorporates by reference paragraphs 1-12 herein.

19. At all times material to this lawsuit, the Plaintiff sought benefits afforded under the FMLA as temporarily modified by the FFCRA.

20. As a result of this exercise of the benefits afforded under the FMLA as temporarily modified by the FFCRA, the Defendant intentionally, willfully and unlawfully retaliated against the Plaintiff by terminating his employment.

21.     That the Defendant's decision to adversely affect the Plaintiff was both connected to, and in response to the Plaintiff's need for benefits under the FMLA as temporarily modified by the FFCRA.

22.     As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA as temporarily modified by the FFCRA.

23.     The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA as temporarily modified by the FFCRA.

WHEREFORE, the Plaintiff, HECTOR HERNANDEZ, requests that judgment be entered against the Defendant for all damages recoverable under the FMLA as temporarily modified by the FFCRA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## **DEMAND FOR JURY TRIAL**

The Plaintiff demands a jury trial.

Dated: September 26, 2020.         Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920